# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RICARDO TORRE-GONZALEZ**, Plaintiff, v. **COMMISSIONER OF SOCIAL SECURITY**, Defendant. | CIV. NO. 21-1476 (MDM) |

## JUDGMENT

Ricardo Torre-Gonzalez ("plaintiff") sought judicial review of the denial of his application for disability insurance benefits by the Commissioner of the Social Security (the "Commissioner"). Pending before the Court is plaintiff's motion requesting that the Commissioner's decision denying his disability insurance benefits be vacated and the case remanded for a new determination on his alleged disability. (Docket No. 16). In this case, the parties have consented to the entry of final judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal being directed to the Court of Appeals for the First Circuit.

For the reasons announced on the record during oral argument, as well as those set forth below, plaintiff's motion is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

### I. Administrative and Procedural Background

Plaintiff applied for Title II social security disability benefits on July 13, 2018, claiming disability since June 30, 2014 (his alleged onset date).[1] His application was denied initially and then again on reconsideration. Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"),

---

[1] The onset date was amended during the administrative hearing to February 27, 2016.

which was held on October 22, 2020. On November 03, 2020, the ALJ issued a decision denying plaintiff's application for disability insurance benefits, finding that he was not disabled. Plaintiff appealed that decision to the Appeals Council and the Appeals Council denied his request for review, thus making the ALJ's decision the final decision of the Commissioner.

On September 29, 2021, plaintiff filed the above-captioned complaint. He also filed a memorandum of law in support of his allegation that the ALJ's decision was not based on substantial evidence as required by 42 U.S.C. § 405(g) and that the Commissioner erred in determining that he was not entitled to disability insurance benefits. In response, the Commissioner filed a motion requesting that the Court affirm its prior decision. The Court scheduled the case for oral argument. Oral argument was held on March 14, 2023.

To be entitled to disability insurance benefits, an individual must demonstrate that he has a disability that began while he was insured as defined in the Act. *See* 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1).

## II.     Standard of Review

Judicial review of Social Security administrative determinations is authorized by 42 U.S.C. § 405(g). The court's function is limited to determining whether the Commissioner's decision is supported by substantial evidence. *Id*. "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Visiting Nurse Ass'n Gregoria Auffant, Inc. v. Thompson*, 447 F.3d 68, 72 (1st Cir. 2006) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence, in turn, is evidence that "a reasonable mind . . . could accept . . . as adequate to support [a] conclusion." *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (quoting *Rodríguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981)). As the United States Supreme Court recently explained in *Biestek v. Berryhill*:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC v. Roswell*, 574 U.S. ___, ___, 135 S. Ct. 808, 815, 190 L.Ed.2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." *Ibid*; *see, e.g., Perales*, 402 U.S. at 401, 91 S. Ct. 1420 (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S. Ct. 206. *See, Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, 203 L. Ed. 2d 504, 139 S. Ct. 1148, 1154 (2019). Thus, even if the record could justify a different conclusion, the court must affirm the Commissioner's findings so long as they are supported by substantial evidence. *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987) (quoting *Rodríguez Pagán v. Secr'y of Health and Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987)).

That is to say that where the court finds that there is substantial evidence supporting the Commissioner's decision, it must be upheld, even if there is also substantial evidence for the plaintiff's position. 20 C.F.R. § 404.1546(c). *See, Rodríguez Pagán*, 819 F.2d at 3 (courts "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.") Absent a legal or factual error in the

evaluation of a claim, moreover, the court must uphold a denial of Social Security disability benefits. *Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).

In reviewing the record for substantial evidence, courts must keep in mind that "(i)ssues of credibility and the drawing of permissible inferences from evidentiary facts are the prime responsibility of the [Commissioner]," and "the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [him], not for the doctors or for the courts." *Id.* (internal quotation marks omitted). *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018). As such, courts will not second-guess the Commissioner's resolution of conflicting evidence. *See Irlanda Ortíz v. Sec'y of Health and Human Serv.*, 955 F.2d 765, 769 (1st Cir. 1991). After reviewing the pleadings and record transcript, the court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner." 42 U.S.C. § 405(g).

### III. The Decision

In the present case, plaintiff challenges the Commissioner's final decision by broadly arguing that the ALJ erred in assessing his physical and mental limitations. During oral argument, counsel for the plaintiff described her claims of error as twofold. In general terms, counsel defined the first argument as an attack against the ALJ's decision at Step Two of the sequential evaluation. More specifically, she took issue with the ALJ's finding that the plaintiff's mental impairments were non-severe. The second claim of error, and the plaintiff's main focus during oral argument, was that the ALJ's residual functional capacity ("RFC") determination is unsupported by sufficient evidence in the record. Ultimately, the Court must decide whether substantial evidence supports the ALJ's decision that plaintiff was not disabled within the meaning of the Social Security Act from his alleged onset date through the date he was last insured. After careful consideration of the pleadings, the record transcript, the applicable law, and having heard from the parties during oral argument, for the reasons

announced by the Court on the record, the Court finds that plaintiff's arguments are unavailing.

Beginning with the first claim of error, at Step Two, a claimant must produce evidence that he has a medically determinable physical or mental impairment, which must significantly limit his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1522. As the Commissioner correctly pointed out during oral argument, the burden at Step Two is with the plaintiff and, in this case, that burden required him to demonstrate that his mental impairments are severe and not just medically determinable. Plaintiff has not met that burden. Aside from mentioning that he was diagnosed with major depressive disorder and pointing out that he took medication for such condition, plaintiff has not shown that his major depressive disorder significantly limits his ability to work or would have required further limitations. It is well-known that a diagnosis and treatment alone, as well as a claimant's subjective complaints, are insufficient to establish that a condition is severe. *See e.g. Mateo Rivera v. Comm'r of Soc. Sec.*, No. 19- 1301 (MEL), 2020 WL 7786920, at *6 (D.P.R. Dec. 30, 2020) (finding that evidence regarding diagnoses and treatment for plaintiff's conditions was insufficient alone to establish severity). Furthermore, while the ALJ did recognize that the plaintiff suffered from "depression and anxiety disorders," and properly weighed such conditions, she also found that such disorders "were attenuated with treatment and medications." (Transcript at 26). Plaintiff has failed to demonstrate how the ALJ erred in that assessment.

Moving on to the second claim of error, the ALJ is responsible for deciding a claimant's RFC, and, in making that determination, the ALJ must consider all relevant medical and other evidence, including any statements about what the claimant can still do provided by any medical sources. *See* 20 C.F.R. §§ 404.1545(a), 404.1527(d)(2), 404.1545(a)(3), 404.1546(c). With respect to a claimant's functional capacity, the ALJ need only provide an RFC, which is an assessment of an individual's ability to do sustained work-related physical and mental activities in

a work setting on a regular and continuing basis. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms. It also is within the ALJ's discretion to resolve genuine conflicts in the evidence. *See Evangelista v. Sec'y of Health & Human Servs.,* 826 F.2d 136, 144 (1st Cir. 1987).

Thus, the ALJ's duty in all cases is to weigh the overall evidence of record and assess the plaintiff's functional capacity and that is precisely what the ALJ did in this case. Here, it is clear from the ALJ's decision that she adequately considered the plaintiff's severe physical impairments, as well as his non-severe mental impairments. Plaintiff complains that the ALJ did not adequately assess his mental limitations in the RFC but fails to offer sufficient evidence to show that his RFC required further restrictions. For example, plaintiff points to evidence of his diagnosis of severe depressive disorder, the fact that he takes medication for such condition, and his subjective symptoms. While that evidence exists, there is also substantial medical evidence of record showing normal mental examination findings, no significant restrictions from medical sources, and improvement with medication. The burden here is on the plaintiff to show that further RFC limitations were warranted in light of specific record evidence. Plaintiff did not meet his burden.

The Court finds that the evidence as a whole supports the ALJ's conclusion that the plaintiff was able to perform a reduced range of light work within the scope of the RFC. While the plaintiff would have preferred the ALJ to weigh the evidence differently and give more weight to his diagnosed mental conditions, and impose further mental limitations, overall, the ALJ appropriately acknowledged plaintiff's mental impairments and properly considered them in her analysis of his functional capabilities and ability to cope with work-related activities. Accordingly, the Court finds that the ALJ correctly assessed the effects that plaintiff's impairments have on his ultimate ability to perform work. And, because there is

substantial evidence in the record to support the ALJ's findings, they must be upheld. *Irlanda Ortíz*, 955 F.2d at 769 (holding that a court "must uphold the [Commissioner's] findings. . . if a reasonable mind, reviewing the evidence as a whole, could accept it as adequate to support his conclusion.") (quoting *Rodríguez*, 647 F.2d at 222.)

In conclusion, the Court finds that the Commissioner properly evaluated and considered the entire record of this case and finds that its decision is free from legal error and supported by substantial evidence. The Commissioner's decision is therefore **AFFIRMED**.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 16th day of March 2023.

_____
MARSHAL D. MORGAN
United States Magistrate Judge